# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LISA YEAGER,               )
                                  )
             Plaintiff,       )
                                  )
     vs.                   )       Case No. 17-2368-KGG
                                  )
ANNE W. BUXTON, *et al.*,    )
                                  )
            Defendants.    )
_____)

## MEMORANDUM & ORDER ON
## MOTION TO EXCLUDE EXPERT TESTIMONY

Before the Court is Defendants' Motion to Exclude Expert Testimony of Plaintiff's Designated Experts.  (Doc. 39.)  After review of the parties' submissions, the Court **DENIES** the motion.

## BACKGROUND

This case results from an automobile accident that occurred on October 4, 2016, in a parking lot in Kansas City, Kansas.  Defendant Buxton, who was in Kansas City on behalf of her employer, Defendant MIC, was driving a vehicle that backed into Plaintiff's vehicle.  Although Defendants admit to liability, they deny the nature and extent of Plaintiff's alleged injuries.

Plaintiff provided her expert designations on December 8, 2017. (Doc. 40-1.) Therein, Plaintiff identified two of her treating health care professionals as non-retained experts, anesthesiologist Dr. Travis Foxx and chiropractor Dr. Michael Tomlinson.

According to Plaintiff's expert designations, Dr. Foxx is anticipated to testify as to his "diagnosis, treatment, and causation of Plaintiff's injury, as well as any permanency," and "any additional facts and opinions contained in his records." (*Id*.) He is also expected to testify that that Plaintiff "sustained headaches, neck pain, low back pain, and lumbosacral spondylosis without myelopathy as a result of the October 4, 2016[,] wreck," that her injuries are permanent, and that the "damages were caused by the . . . wreck at issue in this case." *Id*. Dr. Foxx will testify Plaintiff "underwent chiropractic treatment, lumbar medial branch blocks, and lumbar radiofrequency ablations to treat her lumbar spondylosis" and that Plaintiff "requires additional future treatment such as additional radiofrequency ablations to her left and right lumbar spine to address her lumbar spondylosis." *Id*. The grounds stated as the basis for his opinions "are his treatment of Ms. Yeager, any records he reviewed concurrently with that treatment, his training, and his experience." *Id*.

As for Dr. Thomlinson, the expert designation indicates he is expected to testify as to his diagnosis, treatment, and causation of Plaintiff's injury, as well as

any permanency" and "and any additional facts and opinions contained in his records . . . ." (*Id*.)  He will testify that Plaintiff "sustained headaches, neck injuries, and back injuries as a result of the . . . at issue in this case." (*Id*.)  The expert designation lists the grounds for his opinions as "his treatment of [Plaintiff], any records he reviewed concurrently with that treatment, his training, and his experience." (*Id*.)

## DISCUSSION

Defendants bring the present motion to exclude expert testimony, arguing that 1) Plaintiff's non-retained experts fail to provide sufficient facts to support their opinions and 2) the *Daubert* test requires that their testimony be excluded as unreliable and factually unsupported.  (*See generally* Doc. 40.)

**A.      Standards for Disclosure of Expert Testimony.**

The disclosure of expert testimony is governed by Fed.R.Civ.P. 26(a)(2). Non-retained experts are controlled by subsection (C) of the Rule, which provides that

> if the witness is not required to provide a written report,
> this disclosure must state:
>
> > (i) the subject matter on which the witness is
> > expected to present evidence under Federal Rule of
> > Evidence 702, 703, or 705; and
> >
> > (ii) a summary of the facts and opinions to which
> > the witness is expected to testify.

Fed.R.Civ.P. 26(a)(2)(C).

> The purpose of Rule 26(a)(2) is to require disclosure of expert testimony 'sufficiently in advance of trial so that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.' When the expert disclosure rules are violated, Fed.R.Civ.P. 37(c) mandates that the information or witness not fully disclosed be barred from supplying evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.

*Chambers v. Fike*, No. 13-1410-RDR, 2014 WL 3565481, at *3 (D. Kan. July 18, 2014).

A treating physician's testimony may include opinions regarding "'prognosis, the extent of present and future disability, and the need for future medical treatment,'" so long as the opinions are based on the physician's personal knowledge gained from the care and treatment of the plaintiff. *Adrean v. Lopez*, 2011 WL 6141121 (N.D. Okla. Dec. 9, 2011) (quoting *Goeken v. Wal-Mart Stores, Inc.*, 2001 WL 1159751, at *3 (D. Kan. Aug. 16, 2001)). The testimony also may include opinions as to causation, but only "to the limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment." *Starling v. Union Pac. R. Co.*, 203 F.R.D. 468, 479 (D. Kan. 2001); *see also Richard v. Hinshaw*, 2013 WL 6709674, at *2 (D. Kan. Dec. 18, 2013) (holding that "matters within the scope of the [treating physician's] treatment may include opinions about causation, diagnosis, and prognosis"); *Trejo v. Franklin*, 2007 WL

4

2221433, at *1 (D. Colo. July 30, 2007) (holding that "treating physician opinions regarding causation and prognosis based on examination and treatment of the patient" are proper pursuant to Rule 26(a)(2)(C)).

**B.      Timeliness of Objections to the Expert Witness Designations.**

The *Nunc Pro Tunc* Scheduling Order entered in this case stated the following regarding Rule 26(a)(2) expert disclosures:

> The parties must serve any objections to such disclosures (other than objections pursuant to Fed.R.Evid. 702-705, ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579 (1993), ***Kumho Tire Co. v. Carmichael***, 526 U.S. 137 (1999), or similar case law), **within 14 days after service of the disclosures**.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the Expert's proposed testimony.  If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

(Doc. 15, at 4 (emphasis added).)  To the extent the present motion challenges the sufficiency of the designations under Rule 26(a), the motion is plainly out of time.  Defendants' motion is **DENIED** as untimely pursuant to the deadlines contained in the Scheduling Order.

**C.      Sufficiency of the Non-Retained Expert Witness Designations.**

Assuming for the sake of argument that Defendants' objections were timely, the Court will analyze the other issue raised by Defendants – whether Plaintiff's non-retained experts fail to provide sufficient facts to support their opinions. (*See* Doc. 40.)

Violations of Fed.R.Civ.P. 26(a)(2) are addressed pursuant to Fed.R.Civ.P. 37(c). Subsection (c)(1) of that rule provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1). As such, "the determinative issue before the Court is whether [the] expert disclosures comply with Rule 26(a)(2)." ***Chambers v. Fike***, No. 13-1410-RDR, 2014 WL 3565481, at *3 (D. Kan. July 18, 2014).

In making this determination, the Court looks at the substance of the disclosures submitted.

At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert. It is not enough to state that the witness will testify consistent with information contained in the medical records or consistent with the testimony given during his or her deposition. Instead, **Rule 26(a)(2)(C) disclosures must contain more than a passing reference to the general type of care a treating physician provided. They must summarize actual and specific opinions.** The disclosing party should provide 'a brief account that states the main points' of the entirety of the anticipated testimony. **This does not mean that the disclosures must outline each and every fact to which the non-retained expert will testify or outline the anticipated opinions in great detail.** Imposing these types of requirements would make the Rule 26(a)(2)(C) disclosures more onerous than Rule 26(a)(2)(B)'s requirement of a formal expert report. That was certainly not the intent behind the 2010 amendments to the Rule. Instead, **the court 'must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.'**

*Id.*, at 7 (citations omitted) (emphasis added).

Should the Court find a violation of Rule 26(a) has occurred, the Court then has broad discretion to determine if the violation is justified or harmless. *Woodworker's Supply, Inc. v. Principal Mt. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). In making this determination, the Court guided by these four factors: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Id.*

The undersigned Magistrate Judge previously addressed the sufficiency of non-retained expert opinions in ***Shepeard v. Labette Co. Med. Cntr.***, No. 11-1217-MLB-KGG, 2013 WL 881847, at *1 (D. Kan. March 7, 2013). Certain of the designations in that case were found to be factually insufficient because "not a single fact [was] referenced" in the disclosures "beyond a passing, introductory reference to the general type of care the individuals provided." *Id.* The opinions were also not adequately summarized, as the undersigned held that the disclosing party did "little more in regard to the opinions on which these individuals will testify, generally referring to 'medical opinions on all aspects of the case' (witnesses A, B), 'expert opinions on paramedic care' (witnesses C, D, E, F), and 'opinion testimony related' to care given as an air ambulance nurse (witnesses H, I)." (*Id.*) The undersigned held that this was "patently insufficient as no actual, specific opinions have been summarized or even referenced." (*Id.*)

Other expert designations in ***Shepeard*** were, however, sufficient where the individuals "performed specific, identifiable tasks relating to the decedent and/or the accident at issue – the autopsy (witness G) and . . . responding to the accident (witnesses L, M)." (*Id.*) Also persuasive to the Court was the fact that these individuals generated "reports/documents . . . which would provide [the recipient of the disclosures] with adequate information as to the involvement and relevant

opinions of these witnesses."[1] (*Id*.) The Court will thus review the designations of both witnesses individually to determine whether they "contain more than a passing reference to the general type of care a treating physician provided" on one hand while also taking "care against requiring undue detail" in the submissions on the other. ***Chambers***, 2014 WL 3565481, at *7.

### 1. Dr. Travis Foxx.

As stated in the factual summary, *supra*, the designation of Dr. Foxx indicates that he will testify "as to his diagnosis, treatment, and causation of Plaintiff's injury, as well as any permanency." (Doc. 40-1, at 1.) The designation indicates Dr. Foxx's opinions as to the type, severity, and duration of injuries Plaintiff sustained, when and how she sustained them, the treatment she received for the injuries, and his opinion as to her prognosis and the necessity of future treatment. (*Id*., at 1-2.) The designation states the grounds for his opinions are his treatment of Plaintiff, "any records he reviewed concurrently with that treatment, his training, and his experience." (*Id*., at 2.) Attached to the designation is a letter

---

[1] The Court notes that the motion presented in ***Shepeard*** was a motion to compel supplemental information from non-retained expert witnesses rather than a motion to strike or exclude their testimony as was filed in the present case. In the matter before the Court, Plaintiff argues that – assuming the Court finds the designations to be insufficient – the Court should order Plaintiff to file supplemental designations to cure any stated deficiencies. (Doc. 42, at 7-9.)

from Dr. Foxx to Plaintiff's counsel that includes more specific detail regarding his treatment and opinions. (Doc. 40-2.)

The Court fails to see how the information provided in Dr. Foxx's designation could be considered deficient. The designation, including the correspondence from Dr. Foxx, certainly "contain[ed] more than a passing reference to the general type of care" he provided and contained sufficient factual detail to support his opinions. To require more of the designation for Dr. Foxx would cross the line of "requiring undue detail" for a non-retained expert witness.

### 2.     Dr. Michael Tomlinson.

Dr. Tomlinson's designation, on the other hand, falls into a gray area. The designation indicates Dr. Tomlinson "will testify as to his diagnosis, treatment, and causation of Plaintiff's injury, as well as any permanency." (Doc. 40-1, at 2.) It continues that he will testify that Plaintiff "sustained headaches, neck injuries, and back injuries as a result of the . . . wreck at issue in this case," that Plaintiff received chiropractic care to treat the injuries, and that her injuries are permanent. (*Id.*) The designation states the grounds for Dr. Tomlinson's opinions as "his treatment of Ms. Yeager, any records he reviewed concurrently with that treatment, his training, and his experience." (*Id.*) The designation states that Dr. Tomlinson's records are incorporated by reference, but does not attach any of the records to the submission. The Court anticipates these records were the subject of discovery. In

any event, the notice of Dr. Tomlinson's opinions was sufficient to meet the requirements of Rule 26(a).

### 3. Any violations of Rule 26(a) are harmless.

Even assuming the designations are insufficient, the Court finds that any such violation of Rule 26(a) is harmless. Employing the factors enumerated in *Woodworker's Supply*, *supra*, the Court finds that there should be little prejudice to Defendants and virtually no surprise. The designations were served in December 2017, approximately five months before the close of discovery. Defendants could have sought the additional information through written discovery, deposition questioning of Dr. Tomlinson (or Dr. Foxx), or by filing a timely motion pursuant to the Scheduling Order seeking additional factual support for the experts' opinions. Any of these choices would have provided Defendants with the ability to cure the perceived prejudice or insufficiencies. Instead, Defendants waited almost nine months to file the present motion seeking not to compel additional information, but to exclude one of Plaintiff's treating health care professionals from testifying at trial. The Court also finds that there is no evidence that Plaintiff's designation of Dr. Tomlinson was made in bad faith. *See Woodworker's Supply*, 170 F.3d at 993. Given the balance of the stated factors, the Court finds any such violation of Rule 26(a) regarding the designation of Dr. Tomlinson to be harmless. As such, Defendants' Motion (Doc. 39) is **DENIED**.

**D.     Application of *Daubert*.**

Pursuant to Fed.R.Evid. 702, the trial court must act as a gatekeeper and determine, pursuant to Fed.R.Evid. 104(a), "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 592, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 138 (1999) (holding that the district court serves as a gatekeeper to determine whether to allow testimony under Rule 702). "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S., at 592-93, 113 S.Ct., at 2796. To find expert opinions admissible, the court must conduct a two-part analysis: 1) the court must determine that the witness is qualified by "knowledge, skill, experience, training, or education" to render the opinions; and 2) the court must determine "whether the witness's opinions are 'reliable' under the principles set forth" in *Daubert* and *Kumho Tire*. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

Defendants make no assertions that Plaintiff's treating physicians are unqualified. Thus, the issue before the Court is whether their opinions are reliable. In this context, Defendants contend that Plaintiff's disclosures as to the testimony

of Dr. Foxx and Dr. Tomlinson "lack a sufficient factual basis for their opinions, [are] speculative, and offers no assistance to the jury." (Doc. 40, at 11.) As such, Defendants contend that the testimony of the experts should be excluded because it "fails to meet the standards set forth in the Federal Rules of Evidence and *Daubert*." (*Id.*)

It is well established that "where [an expert] testimony's factual basis, data, principles, methods, or their application **are called sufficiently into question** . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire*, 526 U.S., at 149, 119 S.Ct., at 1175 (quoting *Daubert*, 509 U.S., at 592) (emphasis added). The trial judge is allowed broad discretion "to determine reliability in light of the particular facts and circumstances of the particular case." *Kumho Tire*, 526 U.S. at 158, 119 S.Ct., at 1179. Further, the trial judge "is granted great latitude in deciding which factors to use in evaluating the reliability of expert testimony, and in deciding whether to hold a formal hearing." *U.S. v. Charley*, 189 F. 3d 1251, 1266 (10th Cir. 1999) (citations omitted).

While "[t]he most common method for fulfilling this function is a *Daubert* hearing, . . . such a process is not specifically mandated." *Goebel v. Denver and Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000). The Court "may also satisfy its gatekeeper role when asked to rule on a motion *in limine*, on an

objection during trial, or on a post-trial motion **so long as the court has sufficient evidence to perform 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.**'" *Id*. (quoting *Daubert*, 509 U.S., at 597, 113 S.Ct., at 2799) (emphasis added).

In the present situation, the Court does <u>not</u> have "sufficient evidence to perform" the gatekeeping task regarding Dr. Foxx and Dr. Tomlinson. Defendants have not proffered testimony from either witness. The Court surmises this is because Defendants did not depose either witness. The Court has not even seen the relevant medical records generated by the witnesses. The Court has simply been provided Plaintiff's expert designation of the two witnesses. The Court, therefore, is unable to perform a *Daubert* gatekeeping analysis regarding these two witnesses because the "factual basis, data, principles, methods, or their application" underlying their testimony has not been "called sufficiently into question." *Kumho Tire*, 526 U.S., at 149, 119 S.Ct., at 1175. Defendants' motion is, therefore, **DENIED**.[2]

IT IS THEREFORE ORDERED that Defendants' Motion to Strike (Doc. 39) is **DENIED**.

---

[2] Nothing in this Order shall inhibit Defendants' ability to raise an adequately supported *Daubert* motion during trial based on the trial testimony of either witness.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this ___ day of September, 2018.

s/_____
KENNETH G. GALE
United States Magistrate Judge